IN THE MATTER OF THE APPLICATION OF JAMES P.
EVERS, A LAW STUDENT, FOR LEAVE TO FILE HIS
QUALIFYING CERTIFICATES NUNC PRO TUNC.

Argued October 3, 1939—Decided January 29, 1940.

Before Justices TRENCHARD, CASE and HEHER.

For the petitioner, *Charles A. Dickson.*

The opinion of the court was delivered by

HEHER, J. On September 19th, 1938, petitioner was
matriculated at the Fordham School of Law in the city of
New York, and there has since pursued the study of law. It
is represented that he had theretofore been graduated (with
an academic degree) from a college or university approved
by the State Board of Education, and had in all respects com-
plied with rule 4 (c) of this court, and had received from
the State Board of Education the customary law student's
qualifying certificate evidencing such compliance.

Until sometime in August, 1939, petitioner was unaware of the amendment of rule 5 (a), adopted by this court on February 3d, 1938, providing that a prospective applicant for admission to the bar "shall register an application with a member of the bar of this state who shall at the time be in general practice and have been a counsellor-at-law for a period of five years, and such member of the bar shall certify such application to the clerk of this court at least three calendar years before an examination may be taken." On August 24th, 1939, he "registered" with Charles A. Dickson, Esq., a counsellor-at-law of this state possessing the qualifications laid down in the last-cited rule, who filed immediately with the clerk of the court the certificate therein prescribed; and he now prays for leave to file this certificate and his law student's qualifying certificate *nunc pro tunc* as of September 19th, 1938.

We do not regard this as the proper course in the circumstances, for the filing of the "registration" certificate *nunc pro tunc* as of the date specified presupposes actual registration on that day within the intendment of the cited rule; and this, concededly, is not the fact. Yet, we think petitioner is entitled to relief on the ground of excusable ignorance of the amendment of rule 5 (a), since it would be unjust to hold him to a full compliance with the rule as so amended.

Prior to the amendment, the rule laid upon the prospective candidate for the bar who planned a law school course the duty of filing the certificate of "the commencement of the office clerkship" only when "such clerkship" had actually begun. The rule then required an "office clerkship" of three calendar years, or, in lieu of "a portion" thereof, "not exceeding twenty-four months in all," the successful pursuit "of the courses" of an approved law school. And rule 4 (e), then as now, provided that every such candidate, "before entering upon his office clerkship, as hereinafter provided," should "file * * * a law student's qualifying certificate" in the clerk's office. The amendment was made effective immediately; and there was no provision for notice of its adoption.

Evidently, the doctrine of constructive notice cannot be

applied without injustice. Petitioner is not fairly chargeable with laxity. Prior to his enrollment in the law school, there was no reason to believe that the rule in this respect had been amended, or that such amendment had been under consideration; and we are of the view that the hardship which would ensue from its literal enforcement warrants its relaxation *pro tanto* in favor of petitioner. We deem the filing of the "registration" and qualifying certificates on August 24th, 1939, to be a sufficient compliance with the rule in the special circumstances, so as to entitle petitioner to law school credits as if he had in fact registered on September 19th, 1938, and had filed the prescribed certificate.

A rule may be entered accordingly.